RANDY S. GROSSMAN
Acting United States Attorney
BRETT NORRIS
Assistant U.S. Attorney
California Bar No. 224875
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-7620
Facsimile: (619) 546-7751
Email: brett.norris@usdoj.gov

Attorneys for
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTITUTION ASSOCIATION, INC., by its founders, GEORGE F.X. ROMBACH and DOUGLAS V. GIBBS as well as its vice president DENNIS R. JACKSON, and B. GREEN, R. HANDY, A. HURLEY, R. HVIDSTON, R. KOWELL, H. LEWIS, C. MONGIELLO, R. REISS, L. REYES, J. SCARAFONE, R. SHORT, S. ST. JOHN, L. STUCKY, J. YATES and T. EVANS<br><br>              Plaintiffs,<br><br>    v.<br><br>KAMALA DEVI HARRIS,<br><br>              Defendant. | Case No.: 20-cv-2379-TWR-BLM<br><br>**EX PARTE APPLICATION TO SET ASIDE ENTRY OF DEFAULT**<br><br>Honorable Todd W. Robinson |

## I.

## INTRODUCTION

Plaintiffs, Constitution Association, Inc. and its various members, sue Kamala D. Harris, seeking a declaration that she is ineligible to serve as Vice President of the United States allegedly because she is not a natural born citizen within the meaning of the United States Constitution. ECF No. 1 at 42:8-43:21. On April 26, 2021, the Clerk of the Court entered default against Vice President Harris, based solely on Plaintiffs' representation that they had properly served their Complaint. ECF No. 5. The United States now moves ex parte to set aside the entry of default because: (1) Plaintiffs were required, but failed, to serve the United States under Fed. R. Civ. P. 4(i)(3); and (2) there is good cause to set the default aside under Fed. R. Civ. P. 55(c).[1]

## II.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiffs filed their Complaint in this action on December 7, 2020. ECF Nos. 1 & 2. Six weeks later, on January 20, 2021, then-Vice President-elect Harris was sworn in as Vice President of the United States.[2]

On April 15, 2021, Plaintiffs returned their Summons to the Court along with an affidavit declaring that they had served a copy of the Complaint and Summons on Vice President Harris via "Certified Mail, Return Receipt Requested" on February 26, 2021. ECF No. 3.

On April 26, 2021, Plaintiffs moved for an entry of default against Vice President Harris. ECF No. 4. Later that day, the Clerk of the Court granted Plaintiffs' motion and entered the default. ECF No. 5.

---

[1] Courts in this district routinely set aside defaults on an ex parte basis. *See Hawkins v. Bank of Am., N.A.*, No. 17-CV-01954 BAS AGS, 2018 WL 3426218 (S.D. Cal. July 16, 2018); *Navarro v. Immigration & Customs Enforcement*, No. 18-CV-2908-BEN-NLS, 2019 WL 2090008 (S.D. Cal. May 13, 2019).

[2] https://www.washingtonpost.com/politics/kamala-harris-sworn-in/2021/01/20/a184a12e-5aa9-11eb-b8bd-ee36b1cd18bf_story.html

1

## III.

## ARGUMENT

The United States moves to set aside the entry of default because: (A) Plaintiffs failed to serve their Complaint in accordance with Fed. R. Civ. P. 4(i); and (B) there is good cause to set the default aside under Fed. R. Civ. P. 55(c).

### A.   Plaintiffs Have Not Effected Service of Their Complaint

Fed. R. Civ. P. Rule 4(i) sets forth the requirements for serving the United States and its agencies, officers, and employees. "To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party *must serve the United States and also serve the officer or employee* under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4(i)(3) (emphasis added). To serve the United States, a party must send a copy of the summons and complaint by registered or certified mail to the civil-process clerk at the United States Attorney's Office and the Attorney General of the United States. Fed. R. Civ. P. 4(i)(1). The time for the employee to respond does not commence until all of these requirements are met. *See* Fed. R. Civ. P. 12(a)(3) (responsive pleading due "within 60 days after service on the officer or employee or service on the United States Attorney, *whichever is later*") (emphasis added).

In general, a default may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). A default may only be entered, however, if the defendant has been made a party to the action by service of process. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969); *see also Direct Mail Specialists, Inc. v. Eclat Computerized Tech.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been properly served under Fed. R. Civ. P. 4.").

Here, Rule 4(i)(3) is clear – Plaintiffs must serve the U.S. Attorney's Office for the Southern District of California *and* the United States Attorney General to perfect service of process on Vice President Harris. Plaintiffs, however, have served neither the

U.S. Attorney's Office nor the Attorney General.³  Unless and until Plaintiffs fully comply with Rule 4(i)(3), Vice President Harris is not a party to this action and has no obligation to respond to Plaintiffs' Complaint. *See Sommers v. Okamoto,* Civil No. 16-558 JMS-KJM, 2017 WL 393612, at *5 (D. Haw. Jan. 5, 2017) ("Because Defendants were not properly served with the Summons and Complaint, they have no obligation to file an answer as of this date and default cannot be entered against them.").

Additionally, it is unclear whether Plaintiffs actually served Vice President Harris. Plaintiffs claim they served the Summons and Complaint by mailing them to The White House via "Certified Mail, Return Receipt Requested." ECF No. 3 at 3.  But Plaintiffs have not produced any return receipt indicating that the Summons and Complaint were actually received by Vice President Harris.

In sum, Plaintiffs have failed to effect service of the Summons and Complaint and the entry of default is improper.

**B.    There is Good Cause to Set Aside the Default**

"[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir.1984); *Latshaw v. Trainer Wortham & Co., Inc.,* 452 F.3d 1097, 1103 (9th Cir. 2006); *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 695–96 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex. rel. Breiner*, 532 U.S. 141 (2001). Fed. R. Civ. P. 55(c) provides that a "court may set aside an entry of default for good cause . . . ."  To determine "good cause," a court must "consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [the party] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice" the other party. *See Franchise Holding II v. Huntington Rests.*

---

³ The affidavit submitted in support of Plaintiff's request for entry of default does not mention service on the U.S. Attorney's Office or the Attorney General.  ECF No. 4-1 at pp. 1-2.  There is no question Plaintiffs have failed to comply with this requirement.  *See* Declaration of Mary Wiggins (filed concurrently herewith).

*Group, Inc.,* 375 F.3d 922, 925–26 (9th Cir. 2004). Here, all three factors weigh in favor of setting aside the default.

First, Vice President Harris did not "engage[] in culpable conduct that led to the default." *See id.* Default was entered notwithstanding that Plaintiffs failed to properly serve the Complaint and Summons.

Second, Vice President Harris has multiple meritorious defenses to Plaintiffs' Complaint, including the following:

- Vice President Harris' birth certificate – which Plaintiffs attached to their Complaint – establishes that she was born in the United States (Oakland, California) and is a "natural born citizen" within the meaning of the U.S. Constitution. ECF No. 1-2 at 7;
- This Court lacks subject matter jurisdiction because Plaintiffs' claims are barred by the Political Question Doctrine. *Grinols v. Electoral College*, No. 12-02997, 2013 WL 2294885, at *5-7 (E.D. Cal. May 23, 2013) ("As such, the question presented by Plaintiffs in this case – whether President Obama may legitimately run for office and serve as President – is a political question that the Court may not answer."); *id.* at *14 ("If Plaintiffs believe that President Obama has violated the law, their remedy is to alert Congress to the alleged wrongdoing.");
- Plaintiffs lack standing. *Id.* at *7-*10 (Plaintiffs "failed to demonstrate that they were President Obama's competitors in the 2012 Presidential election or that they were otherwise personally injured by President Obama's participation in the election.");
- Plaintiffs' attempt to enjoin Vice President Harris from becoming Vice President "in the future" is now moot because she is currently the Vice President. Pls.' Compl., ECF No. 1 at 43:16-16; *Grinols,* 2013 WL 2294885, at *12 ("[T]he Court cannot enjoin the events that have already happened . . . ."); and

- Plaintiffs' claims are barred by the Speech or Debate Clause. U.S. Const. Art. I, § 6, cl. 1; *Grinols,* 2013 WL 2294885, at *13 ("Because the Constitution" places "determining a person's qualifications to serve as President of the United States . . . within Congress's jurisdiction, the Speech or Debate Clause applies in this case.").

Third, setting aside the default will not prejudice Plaintiffs, particularly because – as noted above – they failed to properly serve their Complaint and therefore should not have moved for default.

In light of the foregoing, the default should be set aside pursuant to Rule 55(c) because Vice President Harris' conduct did not cause the default, she has several meritorious defenses, and Plaintiffs will not be prejudiced.

## IV.
## CONCLUSION

Plaintiffs failed to effect service of the Summons and Complaint, and thus the entry of default was improper. Moreover, there is good cause to set the default aside under Rule 55(c). The United States therefore respectfully requests that the Court set aside the default.

DATED: May 12, 2021

RANDY S. GROSSMAN
Acting United States Attorney

*s/ Brett Norris*
BRETT NORRIS
Assistant U.S. Attorney
Attorneys for
UNITED STATES OF AMERICA