UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTITUTION ASSOCIATION INC., by its founders, GEORGE F.X. ROMBACH and DOUGLAS V. GIBBS as well as its vice president DENNIS R. JACKSON, and B. GREEN, R. HANDY, A. HURLEY, R. HVIDSTON, R. KOWELL, H. LEWIS, C. MONGIELLO, R. REISS, L. REYES, J. SCARAFONE, R. SHORT, S. ST. JOHN, L. STUCKY, J. YATES and T. EVANS,<br><br>Plaintiffs,<br><br>v.<br><br>KAMALA DEVI HARRIS,<br><br>Defendant. | Case No.: 20-CV-2379 TWR (BLM)<br><br>**ORDER (1) ALLOWING PLAINTIFFS TO RESPOND TO DEFENDANT'S *EX PARTE* APPLICATION TO SET ASIDE DEFAULT AND (2) REQUIRING PLAINTIFFS TO SHOW CAUSE WHY THIS COURT SHOULD NOT DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>(ECF No. 6) |

The matters before the Court are (1) the *Ex Parte* Application to Set Aside Entry of Default ("*Ex Parte* Application," ECF No. 6) filed by Defendant, and (2) the Court's *sua sponte* consideration of its own subject matter jurisdiction.

**I.    Background**

On December 7, 2020, Plaintiffs, proceeding *pro se*,[1] initiated this action by filing a

---

[1] Plaintiff Constitution Association Inc. is alleged to be a corporation (ECF No. 1 at 8) and the docket reflects that it is not represented by an attorney.  If the Court finds that it has subject matter jurisdiction,

Complaint in this Court seeking a declaration that Defendant Kamala Devi Harris is ineligible to serve as Vice President of the United States allegedly because she is not a "natural born citizen" within the meaning of the United States Constitution. (ECF No. 1 at 42-43).  The Complaint alleges that "a 'natural born citizen' required by … the Constitution 'is a person born in the United States of parents who are both citizens of the United States at the time of birth," and Defendant "could not be a citizen of the United States by birth despite being born in Oakland, California, since neither of her parents was at least a permanent resident at the time of her birth." (*Id*. at 40, 42.)  The Complaint alleges that "Plaintiffs who are individuals and have served in the military forces of the United States, public office, or public servants are bound by an Oath to support the Constitution and this action is brought pursuant thereto." (*Id*. at 8.)

On April 15, 2021, Plaintiffs filed an Affidavit of Service by Certified Mail stating that Plaintiffs served Defendant by mailing a copy of the Summons and Complaint via certified mail to "The White House, Office of the Vice President, 1600 Pennsylvania Avenue, NW, Washington D.C. 20500." (ECF No. 3 at 1.)  On April 26, 2021, Plaintiffs filed a Request for Entry of Default, alleging that Plaintiffs served Defendant on February 26, 2021 as described in the Affidavit of Service by Certified Mail. (ECF No. 4-1 at 1-2.)  On April 26, 2021, the Clerk of Court issued a Default. (ECF No. 5.)  On May 12, 2021, Defendant filed the *Ex Parte* Application, moving to set aside the Default because Plaintiffs failed to properly effect service. (ECF No. 6 at 1.)

**II.   *Ex Parte* Application**

In the Ex Parte Application, Defendant contends that Plaintiffs failed to follow the requirements for serving an employee or officer of the United States set forth in Federal Rule of Civil Procedure 4(i).  That Rule states that "[t]o serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection

---

this Plaintiff must be represented by an attorney in order to proceed. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) ("A corporation may appear in federal court only through licensed counsel.").

with duties performed on the United States' behalf …, a party must serve the United States and also serve the officer or employee…." Fed. R. Civ. P. 4(i)(3); *see also* Compl. ¶ 15, ECF No. 1 (alleging that Defendant is being sued "in her personal capacity and not in any official capacity"). To serve the United States, a party must deliver or send via certified or registered mail a copy of the summons and complaint to (1) the civil process clerk at the United States Attorney's Office for the district where the action is brought and (2) the Attorney General of the United States. *See* Fed. R. Civ. P. 4(i)(1). The time for the employee of the United States does not commence until each of the Rule 4(i) requirements are met. *See* Fed. R. Civ. P. 12(a)(3) (stating that "[a] United States officer or employee … must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, *whichever is later*.") (emphasis added).

Defendant contends that Plaintiffs have served neither the United States Attorney's Office nor the Attorney General. Defendant further contends that there is good cause to set aside the Default pursuant to Federal Rule of Civil Procedure 55(c) based on a consideration of the relevant factors. *See* Fed. R. Civ. P. 55(c) (stating that a court "may set aside an entry of default for good cause"); *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) ("[J]judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits…. [T]hree factors should be evaluated in considering a motion to reopen a default judgment…: (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default."); *see also Franchise Holding II, LLC. v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004) (reiterating that this is the proper "'good cause' standard that governs vacating an entry of default under Rule 55(c)").

The Court **ORDERS** Plaintiffs to file any response to the *Ex Parte* Application no later than June 3, 2021.

III. **Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. *See id*. Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. *See United States v. Cotton*, 535 U.S. 625, 630 (2002). "[C]ourts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *see also* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

### A. Standing

"Constitutional standing concerns whether the plaintiff's personal stake in the lawsuit is sufficient to make out a concrete 'case' or 'controversy' to which the federal judicial power may extend under Article III, § 2." *Pershing Park Villas Homeowners Ass'n v. United Pac. Ins. Co.*, 219 F.3d 895, 899 (9th Cir. 2000); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992). Constitutional standing limitations are jurisdictional, cannot be waived, and a court must resolve doubts as to constitutional standing even if *sua sponte*. *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 907 (9th Cir. 2011) ("Although neither [party] raised the issue of standing before the district court or on appeal, we must resolve any doubts about this constitutional issue *sua sponte*.") (quotation omitted).

In *Drake v. Obama*, 664 F.3d 774 (9th Cir. 2011), the court considered a claim that "President Obama is ineligible for the presidency under Article II, Section 1 of the United States Constitution, which states that 'No Person except a natural born Citizen, or a Citizen of the United States, at the time of the Adoption of this Constitution, shall be eligible to the Office of President.'" *Id*. at 778 (quoting U.S. Const. art. II, § 1, cl. 4.2). The plaintiffs consisted of "(1) active military personnel; (2) former military personnel; (3) state representatives; (4) federal taxpayers; (5) relatives of President Obama; and (6) political candidates in the 2008 election." *Id*. The court held that the district court properly

dismissed "plaintiffs' constitutional claims for lack of Article III standing." *Id*. at 786.

The Court has reviewed Plaintiffs' Complaint, including the section entitled "Standing." (ECF No. 1 at 11-13; *see id*. at 13 (alleging that "Plaintiffs, and each and every one of them, have had their voting rights disenfranchised or diluted when [Defendant] Harris sought the office [of] Vice-President of the United States, for which she is not eligible [because she is allegedly not a 'natural born citizen']").) The Court finds that these allegations are insufficient to allege Article III standing. *See Drake*, 664 F.3d at 784 ("Even as a voter, [plaintiff] has no greater stake in this lawsuit than any other United States citizen. The harm he alleges is therefore too generalized to confer standing.") (citing *Berg v. Obama*, 586 F.3d 234, 239 (3d Cir. 2009) (holding that the plaintiff's status as a voter in the 2008 election did not give him standing to challenge President Obama's candidacy on grounds similar to those alleged in *Drake*)).

Accordingly, the Court **ORDERS PLAINTIFFS TO SHOW CAUSE** why this action should not be dismissed for lack of jurisdictional standing no later than June 3, 2021.

**B. Political Question Doctrine**

The political question doctrine arises out of the Constitution's division of powers, providing that certain questions are political as opposed to legal, and therefore off limits to a court. *See Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 980 (9th Cir. 2007) ("[D]isputes involving political questions lie outside of the Article III jurisdiction of federal courts."). The doctrine of separation of powers requires that political issues be resolved by the political branches rather than by the judiciary. *See Corrie*, 503 F.3d at 980. "The political question doctrine serves to prevent the federal courts from intruding unduly on certain policy choices and value judgments that are constitutionally committed to Congress or the executive branch." *Koohi v. U.S.*, 976 F.2d 1328, 1331 (9th Cir. 1992).

In *Grinols v. Electoral College*, No. 2:12-CV-02997-MCE, 2013 WL 2294885 (E.D. Cal. May 23, 2013), *aff'd*, 622 F. App'x 624 (9th Cir. 2015), the court considered a claim "that President Obama is not eligible to be the President of the United States because he is not a 'natural born' U.S. Citizen, as required by the United States Constitution." *Id*. at *1.

The court dismissed the action for lack of subject matter jurisdiction because Plaintiffs' claims were barred by the political question doctrine:

> [W]ere the Court to grant the declaratory relief requested by Plaintiffs, it would necessarily interfere in a political matter that is principally within the dominion of another branch of government. Because federal courts are barred from intruding on a task constitutionally assigned to Congress, this action presents a non justiciable political question that this Court cannot consider, and, thus, the court lacks jurisdiction over this case.

*Id.* at *7 (quotation omitted).

Based upon the allegations of the Complaint, it appears that the Court lacks subject matter jurisdiction over Plaintiffs' claims because they are barred by the political question doctrine. Accordingly, no later than June 3, 2021, Plaintiffs are **ORDERED TO SHOW CAUSE** why this action should not be dismissed for lack of subject matter jurisdiction because the claims are barred by the political question doctrine.

### IV.   Conclusion

The Court **ORDERS** Plaintiffs to file any response to the *Ex Parte* Application no later than June 3, 2021. For the reasons discussed above, no later than June 3, 2021, Plaintiffs are **ORDERED TO SHOW CAUSE** why this action should not be dismissed without prejudice for lack of subject matter jurisdiction because (1) Plaintiffs lack standing and (2) the claims are barred by the political question doctrine. If Plaintiffs file a response to this Order, Defendant may file a reply no later than seven days after Plaintiffs' response is filed.

**IT IS SO ORDERED.**

Dated: May 14, 2021

_____
Honorable Todd W. Robinson
United States District Court