RANDY S. GROSSMAN
Acting United States Attorney
BRETT NORRIS
Assistant U.S. Attorney
California Bar No. 224875
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-7620
Facsimile: (619) 546-7751
Email: brett.norris@usdoj.gov

Attorneys for
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTITUTION ASSOCIATION, INC., by its founders, GEORGE F.X. ROMBACH and DOUGLAS V. GIBBS as well as its vice president DENNIS R. JACKSON, and B. GREEN, R. HANDY, A. HURLEY, R. HVIDSTON, R. KOWELL, H. LEWIS, C. MONGIELLO, R. REISS, L. REYES, J. SCARAFONE, R. SHORT, S. ST. JOHN, L. STUCKY, J. YATES and T. EVANS<br><br>Plaintiffs,<br><br>v.<br><br>KAMALA DEVI HARRIS,<br><br>Defendant. | Case No.: 20-cv-2379-TWR-BLM<br><br>**REPLY IN SUPPORT OF EX PARTE APPLICATION TO SET ASIDE ENTRY OF DEFAULT**<br><br>Honorable Todd W. Robinson |

Plaintiffs' response to the United States' Ex Parte Application to Set Aside Entry of Default confirms that Plaintiffs have not effected service of their Complaint and that the entry of default against Vice President Harris should be set aside. Additionally, Plaintiffs' response confirms that they lack standing and that their claims are barred by the political question doctrine. Accordingly, Plaintiffs' entire Complaint should be dismissed.

# I.

## PLAINTIFFS HAVE NOT EFFECTED SERVICE OF THEIR COMPLAINT

Plaintiffs claim they are suing Vice President Harris in her "personal capacity and not in any official capacity." ECF No. 1 at 10:13-14. Although it is unclear what Plaintiffs mean by "personal capacity," Plaintiffs have failed to serve Vice President Harris under Fed. R. Civ. P. 4(e), *see infra*, which is required to effect service on "an Individual Within a Judicial District of the United States," Fed. R. Civ. P. 4(e), or a United States "Officer or Employee Sued Individually," Fed. R. Civ. P. 4(i)(3). And as demonstrated in the United States' Ex Parte Application, and not disputed by Plaintiffs, they have also failed to serve Vice President Harris in accordance with Fed. R. Civ. P. 4(i)(3) by failing to serve the United States. Plaintiffs bear the burden of proving valid service. *Brockmeyer v. May,* 383 F.3d 798, 801 (9th Cir. 2004) ("Once service is challenged, plaintiffs bear the burden of establishing that service was valid."). If Plaintiffs fail to carry that burden, then this Court is without jurisdiction to render a personal judgment. *Hutchison v. United States*, 677 F. 2d 1322, 1328 (9th Cir. 1982). As discussed below, Plaintiffs have not – and cannot – establish valid service on Vice President Harris.

### A.   Plaintiffs Have Not Effected Service on Vice President Harris

Fed. R. Civ. P. 4(e)(1) allows service to be effected according to the law of "the state where the district court is located or where service is made." Alternatively Fed. R. Civ. P. 4(e)(2) provides that service may be effected on the individual: (a) "delivering a copy of the summons and of the complaint to the individual personally;" (b) "leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with some

person of suitable age and discretion who resides there;" or (c) "delivering a copy of each to an agent authorized to receive service of process for the individual."

Here, Plaintiffs claim they served Vice President Harris by mailing the Summons and Complaint to the White House via certified mail on February 26, 2021. ECF No. 3 at 1. They also claim that the "Complaint . . . was signed for on March 9, 2021." ECF No. 8 2:23-25. But Plaintiffs have not produced the alleged signature, nor have they identified the person who allegedly accepted service. This is not proper service under either Rule 4(e)(1) or (2).

Plaintiffs' attempted service is improper under Fed. R. Civ. P. 4(e)(1) because, although both California and D.C. permit service via certified mail, both states require evidence of actual delivery on the defendant. In California, for example, a plaintiff must provide evidence "establishing actual delivery to the person to be served, by a signed receipt or other evidence." Cal. Code Civ. P. § 417.2(a). *See also Cruz v. Fagor America, Inc.*, 146 Cal. App. 4th 488, 496 (2007) (Plaintiff effected service, in part, because he provided proof that the summons and complaint reached the hands of a person who was authorized to accept mail on the defendant's behalf.)

Similarly, D.C. requires plaintiffs to submit proof that the defendant has signed for or otherwise received the summons and complaint. *See Wilson–Greene v. Dep't of Youth Rehab. Servs.*, No. 06-cv-2262 (RJL), 2007 WL 2007557, at *2 (D.D.C. July 9, 2007) (stating that "[a]lthough the Civil Rules of the D.C. Superior Court allow[ ] service by mail, such service must be made on the individual to be served[,]" which requires evidence "that a copy of the complaint and the summons was delivered to the individual [defendants]"). Because Plaintiffs have produced no evidence that Vice President Harris actually received the Summons and Complaint, Plaintiffs have failed to effect service under Rule 4(e)(1).

Nor have Plaintiffs effected service under Fed. R. Civ. P. 4(e)(2). Plaintiffs did not personally deliver the Summons and Complaint to Vice President Harris; they did not leave copies at her dwelling; and there is no evidence they delivered copies to anyone authorized

to accept service in her individual capacity. Accordingly, Plaintiffs have failed to serve Vice President Harris under both Fed. R. Civ. P. 4(e)(1) and (2). This failure alone justifies setting aside the entry of default.

### B. Plaintiffs Have Not Effected Service on the United States

Because Plaintiffs' Complaint appropriately should be construed as against an officer of the United States,[1] Plaintiffs also were required to serve the Complaint and Summons on the United States. *See* Fed. R. Civ. P. 4(i)(3); *see also See Tabman v. F.B.I.*, 718 F. Supp. 2d 98, 107-08 (D.D.C. 2010) (serving FBI deputy director by certified mail at his place of business did not meet the requirements for proper service for serving federal officer or employee in his individual capacity). Plaintiffs admit that they did not serve the United States. ECF No. 8 at 3:5-7. Rather they contend that Fed. R. Civ. P. 4(i)(3) is not implicated because (1) Vice President Harris was merely Vice President Elect at the time of filing the Complaint; and (2) even now, Vice President Harris is not an "employee or officer" of the United States within the meaning of Fed. R. Civ. P. 4(i)(3). ECF No. 8 at 3:9-11, 3:19-4:9. Neither contention has merit.

First, Plaintiffs' narrow interpretation of Fed. R. Civ. P. 4(i)(3) to exclude the Vice President Elect is contradicted by the Advisory Committee Notes, which require a practical reading of the rule's service requirements. Specifically, the Advisory Committee advised:

> The connection to federal employment that requires service on the United States *must be determined as a practical matter*, considering whether the individual defendant has reasonable grounds to look to the United States for assistance and whether the United States has reasonable grounds for demanding formal notice of the action.

---

[1] Plaintiffs' claims arise under the Constitution, *see* Compl. ¶ 2 at 7:5-7, and these claims may only exist as against the government or a government actor. *See Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 619 (1991) ("Although the conduct of private parties lies beyond the Constitution's scope in most instances, governmental authority may dominate an activity to such an extent that its participants must be deemed to act with the authority of the government and, as a result, be subject to constitutional constraints.").

Fed. R. Civ. P. 4, Advisory Committee's Notes, 2000 Amendment (emphasis added). Here, the practical determination required service on the United States. Plaintiffs' Complaint challenges Vice President Harris' eligibility to hold the second-highest office in the nation, a position to which she was elected in a federal election. Certainly, this is a matter in which Vice President Harris would look to the United States for assistance – and one in which the United States would have reasonable grounds for participating as evidenced by the Department of Justice's appearance in this action. Congress has also recognized the importance of the Office of the Vice President Elect to the "orderly transition of executive power" and "national interest" by providing federal funding for the Office of the Vice President Elect, along with transportation and services for the Vice President Elect herself. Pub. L. 88-277 Sec. 2, *et seq.* (Mar. 7, 1964).

Moreover, it is clear that the Vice President is a constitutional officer within the meaning of "employee or officer" of the United States. Plaintiffs claim the Vice President is not an officer because she did not receive a "commission" from the President, and that she is not an "employee" because she receives compensation rather than an emolument. *See* ECF No. 8 at 3:19-4:9. But the Constitution clearly established the office of the Vice President and the office of the President, and repeatedly references both "Offices." *See, e.g.* Art. II, Sec. 4 (providing for the removal of the President and Vice President "from *Office*" (emphasis added); Amendment XII ("[N]o person constitutionally ineligible to the *office* of the President shall be eligible to that of Vice-President of the United States.") (emphasis added). Thus, it is no surprise that there is a long line of case law referring to the President and by implication the Vice President as an "officer." *See Nixon v. Fitzgerald,* 457 U.S. 731, 750, (1982) (referring to the President as the "chief constitutional officer of the Executive Branch"); *Clinton v. Jones,* 520 U.S. 681, 699 n. 29 (1997) (quoting *Fitzgerald*); *Franklin v. Massachusetts,* 505 U.S. 788, 799, (1992) (referring to the President as a "constitutional officer"); *Cheney v. U.S. District Court for the District of Columbia,* 541 U.S. 913, 916 (2004) (referring to "the President and other officers of the Executive"); *Menard's Heirs v. Massey,* 49 U.S. 293, 309 (1850) (referring to "the President or some

other officer"); *U.S. Ex. Rel. Goodrich v. Guthrie,* 58 U.S. 284, 310 (1854) (McLean, J., dissenting) (stating that "the President, like all the other officers of the government, is subject to the law"); *Embry v. United States,* 100 U.S. 680, 685, (1879) (referring to "[n]o officer except the President"); *United States v. McDonald,* 128 U.S. 471, 473 (1888) (quoting *Embry*); *United States v. Am. Bell Tel.,* 128 U.S. 315, 363 (1888) (referring to "the president ... or any other officer of the government"); *In Re Sealed Case,* 121 F.3d 729, 748 (D.C.Cir.1997) (the President is "the chief constitutional officer" of the United States).

Nothing in Rule 4 suggests, as Plaintiffs do, that the word "officer" is limited to the meaning given to it in Article II, Sec. 3 of the Constitution, in discussing presidential commissions of civil officers, rather than the plain meaning of the word, or the meaning clearly recognized by the Supreme Court in referring to the President as a constitutional "officer" of the United States.

Thus, Plaintiffs' claim that they need not serve the United States under Rule 4(i)(3) is meritless and the entry of default should be set aside because the Vice President was never served.

## II.
## PLAINTIFFS LACK STANDING

In addition to responding to the Ex Parte Application, the Court also ordered Plaintiffs to show cause why this case should not be dismissed for lack of jurisdictional standing pursuant to *Drake v. Obama*, 664 F.3d 774 (9th Cir. 2011) and *Berg v. Obama*, 586 F.3d 234, 239 (3d Cir. 2009). ECF No. 7 at 5:13-14. As in *Drake*, Plaintiffs here have "no greater stake in this lawsuit than any other United States citizen." *See Drake*, 664 F.3d at 784. Thus, the harm they allege is "too generalized to confer standing." *Id*. Indeed, Plaintiffs admit that they seek only the general goal of ensuring that "the Constitution be complied with." ECF No. 8 at 2:10-12. Plaintiffs' response, however, contains no discussion of *Drake* or *Berg*, nor of any other case law that might support Plaintiffs' claim of standing. In other words, Plaintiffs have failed to articulate any basis for standing. The Court should dismiss Plaintiffs' Complaint on that basis, *Warth v. Seldin*, 422 U.S. 490, 501-502 (1957) (court

must dismiss the complaint if it finds that plaintiff lacks standing), or alternatively because Plaintiffs failed to comply with the Court's Order to show cause why the case should not be dismissed, *see* Fed. R. Civ. P. 41(b).

## III.

## THE POLITICAL QUESTION DOCTRINE BARS PLAINTIFFS' CLAIMS

The Court also ordered Plaintiffs to explain why the political question doctrine does not bar their claims and deprive the Court of subject matter jurisdiction. Again, Plaintiffs provide no legal authority in response. Instead, they proffer the unsubstantiated assertion that the political question doctrine is inapplicable here because they "have no issue with the political affiliation of any candidate," and seek only to ensure "the Constitution be complied with." ECF No. 8 at 2:10-12. Plaintiffs miss the point. Their subjective political views are irrelevant. "[A] controversy involves a political question . . . where there is a 'textually demonstrable constitutional commitment of the issue to a coordinate political department; or a lack of judicially discoverable and manageable standards for resolving it.'" *Zivotofsky ex rel. Zivotofsky v. Clinton*, 132 S. Ct. 1421, 1427 (2012)(citing *Nixon v. United States*, 506 U.S. 224, 228 (1993)). Here, "the issue of the [Vice President's] qualifications and [her] removal from office are textually committed to the legislative branch and not the judicial branch." *See Grinols v. Electoral College*, No. 2:12–cv–02997, 2013 WL 2294885, at *[6] (E.D. Cal. May 23, 2013). And, as articulated in the Court's Order, "disputes involving political questions lie outside of the Article III jurisdiction of federal courts." ECF No. 8 at 5:18-19 (citing *Corrie v. Catepillar, Inc.*, 503 F.3d 974, 980 (9th Cir. 2007)). Accordingly, this Court lacks jurisdiction here, regardless of the political affiliations or motivations of the individuals who initiate the action. Plaintiffs' Complaint should therefore be dismissed.

//
//
//
//

## IV.
## CONCLUSION

The Court should dismiss Plaintiff's Complaint either because they lack standing, or because their claims are barred by the political question doctrine.  But should the Court elect not to dismiss at this time, the entry of default should be set aside because Plaintiffs have failed to effect service of their Complaint.

DATED: June 10, 2021

RANDY S. GROSSMAN
Acting United States Attorney

*s/ Brett Norris*
BRETT NORRIS
Assistant U.S. Attorney
Attorneys for
UNITED STATES OF AMERICA