1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11   CONSTITUTION ASSOCIATION INC.,          Case No.:  20-CV-2379 TWR (BLM)
     by its founders, GEORGE F.X.
12   ROMBACH and DOUGLAS V. GIBBS            **ORDER *SUA SPONTE* DISMISSING**
13   as well as its vice president DENNIS R.  **COMPLAINT FOR LACK OF**
     JACKSON, and B. GREEN, R. HANDY,        **SUBJECT-MATTER JURISDICTION**
14   A. HURLEY, R. HVIDSTON, R.
15   KOWELL, H. LEWIS, C. MONGIELLO,         (ECF Nos. 1, 6, 13, 15)
     R. REISS, L. REYES, J. SCARAFONE,
16   R. SHORT, S. ST. JOHN, L. STUCKY, J.
17   YATES and T. EVANS,

18                              Plaintiffs,

19   v.

20

21   KAMALA DEVI HARRIS,

22                              Defendant.

23

24        The matter before the Court is the Court's *sua sponte* consideration of its own

25   subject-matter jurisdiction.

26                                  **BACKGROUND**

27        On December 7, 2020, Plaintiffs, proceeding *pro se*, initiated this action by filing a

28   Complaint in this Court seeking a declaration that Defendant Kamala Devi Harris is

                                              1

1    ineligible to serve as Vice President of the United States because she allegedly is not a

2    "natural born citizen" within the meaning of the United States Constitution.  (ECF No. 1

3    ("Compl.") at 42–43).  The Complaint alleges that "a 'natural born citizen' required by . . .

4    the Constitution 'is a person born in the United States of parents who are both citizens of

5    the United States at the time of birth," and Defendant "could not be a citizen of the United

6    States by birth despite being born in Oakland, California, since neither of her parents was

7    at least a permanent resident at the time of her birth."  (*Id*. at 40, 42.)  The Complaint

8    alleges that "Plaintiffs who are individuals and have served in the military forces of the

9    United States, public office, or public servants are bound by an Oath to support the

10   Constitution and this action is brought pursuant thereto."  (*Id*. at 8.)

11        On April 15, 2021, Plaintiffs filed an Affidavit of Service by Certified Mail stating

12   that Plaintiffs served Defendant.  (ECF No. 3 at 1.)  On April 26, 2021, Plaintiffs filed a

13   Request for Entry of Default, alleging that Plaintiffs served Defendant on February 26,

14   2021 as described in the Affidavit of Service by Certified Mail.  (ECF No. 4-1 at 1–2.)  On

15   April 26, 2021, the Clerk of Court issued a Default.  (ECF No. 5.)

16        On May 12, 2021, the United States, on behalf of Defendant, filed an *Ex Parte*

17   Application, moving to set aside the Default because Plaintiffs failed properly to effect

18   service.  (ECF No. 6 at 1.)

19        On May 17, 2021, the Court issued an Order (1) Allowing Plaintiffs to Respond to

20   Defendant's *Ex Parte* Application to Set Aside Default and (2) Requiring Plaintiffs to

21   Show Cause Why this Court Should Not Dismiss for Lack of Subject-Matter Jurisdiction.

22   ("Order to Show Cause," ECF No. 7.)

23        On June 3, 2021, Plaintiffs filed a Response to the Order to Show Cause.  (ECF No.

24   8.)

25        On June 10, 2021, the United States filed a reply in support of its *Ex Parte*

26   Application.  (ECF No. 9.)  The United States contends: "The Court should dismiss

27   Plaintiff's Complaint either because they lack standing, or because their claims are barred

28   by the political question doctrine.  But should the Court elect not to dismiss at this time,

1    the entry of default should be set aside because Plaintiffs have failed to effect service of

2    their Complaint." (*Id.* at 7.)

3         On June 11, 2021, Plaintiffs filed an Amended Response to the Order to Show Cause.

4    (ECF No. 11 ("Am. Resp.").)  In the Amended Response, Plaintiffs contend that: the United

5    States is not a party to this action; "this is not a political question"; a birth certificate is not

6    evidence that Defendant is a "natural born citizen" within the meaning of the United States

7    Constitution; and Plaintiffs have standing pursuant to 18 U.S.C. §§ 241, 242, 245 and 594,

8    28 U.S.C. § 1343, and 42 U.S.C. § 1985.  (*Id.* at 1, 2, 6, 7.)  Also on June 11, 2021, Plaintiff

9    filed a Request for a Hearing and a Request for Recognition of Class Status.  (ECF Nos.

10   13, 15.)

11                                    **ANALYSIS**

12        As discussed in the Order to Show Cause, Federal courts are courts of limited

13   jurisdiction and are presumptively without jurisdiction over civil actions.  *See Kokkonen v.*

14   *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The burden of establishing the

15   contrary rests upon the party asserting jurisdiction.  *See id.*  "[C]ourts have an independent

16   obligation to determine whether subject matter jurisdiction exists, even in the absence of a

17   challenge from any party."  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999);

18   *see also* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter

19   jurisdiction is lacking).

20   **I.    Standing**

21        As discussed in the Order to Show Cause, "[c]onstitutional standing concerns

22   whether the plaintiff's personal stake in the lawsuit is sufficient to make out a concrete

23   'case' or 'controversy' to which the federal judicial power may extend under Article III,

24   § 2."  *Pershing Park Villas Homeowners Ass'n v. United Pac. Ins. Co.*, 219 F.3d 895, 899

25   (9th Cir. 2000); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992).

26   Constitutional standing limitations are jurisdictional, cannot be waived, and a court must

27   resolve doubts as to constitutional standing even if *sua sponte*.  *See Oliver v. Ralphs*

28   *Grocery Co.*, 654 F.3d 903, 907 (9th Cir. 2011).

1    In *Drake v. Obama*, 664 F.3d 774 (9th Cir. 2011), the court considered a claim that

2    "President Obama is ineligible for the presidency under Article II, Section 1 of the United

3    States Constitution, which states that 'No Person except a natural born Citizen, or a Citizen

4    of the United States, at the time of the Adoption of this Constitution, shall be eligible to

5    the Office of President.'" *Id*. at 778 (quoting U.S. Const. art. II, § 1, cl. 4.2).  The plaintiffs

6    consisted of "(1) active military personnel; (2) former military personnel; (3) state

7    representatives; (4) federal taxpayers; (5) relatives of President Obama; and (6) political

8    candidates in the 2008 election."  *Id*.  The court held that the district court properly

9    dismissed "plaintiffs' constitutional claims for lack of Article III standing."  *Id*. at 786.

10    As discussed in the Order to Show Cause, (*see* OSC at 5), Plaintiffs' Complaint,

11    which alleges that "Plaintiffs . . . have had their voting rights disenfranchised or diluted

12    when [Defendant] Harris sought the office [of] Vice-President of the United States,"

13    (Compl. at 13), fails adequately to allege Article III standing.  *See Drake*, 664 F.3d at 784

14    ("Even as a voter, [plaintiff] has no greater stake in this lawsuit than any other United States

15    citizen.  The harm he alleges is therefore too generalized to confer standing.") (citing *Berg*

16    *v. Obama*, 586 F.3d 234, 239 (3d Cir. 2009) (holding that the plaintiff's status as a voter in

17    the 2008 election did not give him standing to challenge President Obama's candidacy on

18    grounds similar to those alleged in *Drake*)).

19    In the Amended Response to the Order to Show Cause, Plaintiffs argue that Plaintiffs

20    have standing pursuant to 18 U.S.C. §§ 241, 242, 245 and 594, 28 U.S.C. § 1343, and 42

21    U.S.C. § 1985.  The first set of statutes cited by Plaintiffs, 18 U.S.C. §§ 241, 242, 245 and

22    594, are criminal statutes that do not confer a private right of action.  *See, e.g.*, *Clinton v.*

23    *Jones*, 520 U.S. 681, 718 (1997) ("[C]riminal proceedings, unlike private civil proceedings,

24    are public acts initiated and controlled by the Executive Branch."); *Aldabe v. Aldabe*, 616

25    F.2d 1089, 1092 (9th Cir. 1980) (explaining that criminal statutes do not give rise to civil

26    liability); *see also Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) ("We

27    affirm the dismissal of [the plaintiff]'s claims under 18 U.S.C. §§ 241 and 242 because

28    these are criminal statutes that do not give rise to civil liability.") (citation omitted).

20-CV-2379 TWR (BLM)

1   Similarly, 28 U.S.C. § 1343 "does not provide a cause of action."  *Allen*, 464 F.3d at 1048

2   (citation omitted).  The final statute cited by Plaintiffs allows an inured party to sue "[i]f

3   two or more persons . . . conspire . . . for the purpose of depriving, either directly or

4   indirectly, any person or class of persons of the equal protection of the laws."  42 U.S.C.

5   § 1985(3).  To state a § 1985(3) claim, a plaintiff must, among other things, adequately

6   allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus

7   behind the conspirators' action."  *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th

8   Cir. 1992) (citation omitted).  Neither the Complaint nor the Amended Response contains

9   such allegations.

10          Accordingly, the Court finds that Plaintiffs have failed adequately to allege Article

11   III standing and the Complaint must be dismissed for lack of subject-matter jurisdiction.

12   **II.     Political Question Doctrine**

13          As discussed in the Order to Show Cause, the political question doctrine arises out

14   of the Constitution's division of powers, providing that certain questions are political as

15   opposed to legal and, therefore, off limits to a court.  *See Corrie v. Caterpillar, Inc.*, 503

16   F.3d 974, 980 (9th Cir. 2007) ("[D]isputes involving political questions lie outside of the

17   Article III jurisdiction of federal courts.").  The doctrine of separation of powers requires

18   that political issues be resolved by the political branches rather than by the judiciary.  *See*

19   *id*.  "The political question doctrine serves to prevent the federal courts from intruding

20   unduly on certain policy choices and value judgments that are constitutionally committed

21   to Congress or the executive branch."  *Koohi v. U.S.*, 976 F.2d 1328, 1331 (9th Cir. 1992).

22          In *Grinols v. Electoral College*, No. 2:12-CV-02997-MCE, 2013 WL 2294885 (E.D.

23   Cal. May 23, 2013), *aff'd*, 622 F. App'x 624 (9th Cir. 2015), the court considered a claim

24   "that President Obama is not eligible to be the President of the United States because he is

25   not a 'natural born' U.S. Citizen, as required by the United States Constitution."  *Id*. at *1.

26   The court dismissed the action for lack of subject matter jurisdiction because Plaintiffs'

27   claims were barred by the political question doctrine:

28   / / /

5

1
2
3
4
5

> [W]ere the Court to grant the declaratory relief requested by Plaintiffs, it would necessarily interfere in a political matter that is principally within the dominion of another branch of government.  Because federal courts are barred from intruding on a task constitutionally assigned to Congress, this action presents a non justiciable political question that this Court cannot consider, and, thus, the court lacks jurisdiction over this case.

6   *Id*. at *7 (quotation omitted).

7   As discussed in the Order to Show Cause, based upon the allegations of the
8   Complaint, it appears that the Court lacks subject matter jurisdiction over Plaintiffs' claims
9   because they are barred by the political question doctrine for the reasons stated in *Grinols*.
10  Plaintiffs' Amended Response disputes that the issue of whether Defendant is a "natural
11  born citizen" is a political matter principally within the dominion of another branch of
12  government.  (*See* ECF No. Am. Resp. at 2.)  Plaintiffs, however, cite no legal or factual
13  authority to support this assertion or distinguish their claims from those dismissed in
14  *Grinols*.  Accordingly, the Court finds that the Complaint should be dismissed for lack of
15  subject-matter jurisdiction because the claims are barred by the political question doctrine.

16  **III.    Leave to Amend**

17  "Dismissal without leave to amend is improper unless it is 'clear' that 'the complaint
18  could not be saved by any amendment.'"  *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th
19  Cir. 2009) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001)).  The
20  Complaint represents Plaintiffs' first attempt to plead their claims.  Although it appears
21  unlikely that the Complaint may be saved by amendment, the Court dismisses the
22  Complaint with leave to amend.

23                                          **CONCLUSION**

24  For the reasons discussed above, the Court **DISMISSES WITHOUT PREJUDICE**
25  Plaintiffs' Complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of
26  Civil Procedure 12(h)(3).  The Court **DENIES** Plaintiffs' Request for a Hearing (ECF No.
27  13) pursuant to Civil Local Rule 7.1(d)(1) and **DENIES AS MOOT** Defendants' *Ex Parte*
28  Application (ECF No. 6) and Plaintiffs' Request for Recognition of Class Status (ECF No.

20-CV-2379 TWR (BLM)

1  15).  No later than thirty (30) days from the date this Order is filed, Plaintiffs **MAY FILE**

2  an amended complaint.  *If Plaintiffs fail timely to file an amended complaint, the Court will*

3  *order the Clerk to close this case.*

4      **IT IS SO ORDERED.**

5

6  Dated:  September 27, 2021

7  _____
   Honorable Todd W. Robinson

8  United States District Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20-CV-2379 TWR (BLM)